This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38914

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

Petitioner-Appellee,

v.

**FRANKLIN C.,**

Respondent-Appellant,

and

**ANNA R.,**

Respondent,

**IN THE MATTER OF XAVIER C.**
**and MARIAH C.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**William E. Parnall, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons

Albuquerque, NM

for Appellant

Law Office of Alison Endicott-Quinones
Alison Endicott-Quinones
Albuquerque, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Respondent (Father) appeals from the district court's order terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition to our proposed summary disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, we note that Father does not set forth any additional facts or argument in response to our proposed disposition of his issue concerning the reasonableness of the Children, Youth & Families Department's (CYFD) efforts or the issue of presumptive abandonment (Issues B and D). [MIO 6, 10] When a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of that issue. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Thus, we deem Father's Issues B and D to have been abandoned.

**{3}** In our calendar notice, we proposed to affirm the district court's rulings concerning judicial notice of the 2015 case and testimony about Father's history of domestic violence because (1) the docketing statement failed to indicate whether Father preserved his issues concerning the 2015 case; (2) Father did not provide a summary of the testimony about prior domestic violence; and (3) the district court's order did not contain any reference to a 2015 case or domestic violence, so it did not appear the admission of such evidence prejudiced Father. [CN 2-4] In his memorandum in opposition, Father explains he objected to the district court taking judicial notice of the 2015 adjudication for the purpose of establishing Father was guilty of domestic violence. [MIO 4-5] In addition, Father claims that even though the district court did not rely on the 2015 adjudication or evidence concerning domestic violence in its written order, the evidence made Father "look like a bad guy" and caused the district court to conclude Father's anger was an ongoing issue. [MIO 4-5]

**{4}** We reiterate that we see no indication that the district court relied on the 2015 case and Father's past domestic violence in making its decision to terminate Father's

rights. Rather, the district court explicitly relied on other evidence, including that Father never completed an anger management assessment as required by his court-ordered treatment plan. [3 RP 579] We note that completion of an anger management assessment and follow up "was specifically ordered and added to [Father's] treatment plan by the [district court]." [3 RP 579] To the extent Father is arguing anger management should not have been a component of his treatment plan, it is unclear whether Father raised such objection before the district court, and we therefore decline to consider it now. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue.").

{5}      Father also continues to assert that CYFD failed to prove that the causes and conditions of Father's neglect were unlikely to change in the foreseeable future. [MIO 6-7] Although Father takes issue with our reliance on his "mere failure" to comply with the treatment plan [MIO 6], his lack of compliance with the treatment plan was appropriate for the district court to consider given that "a treatment plan . . . identifies, addresses, and attempts to correct those circumstances and conditions which rendered the child abused or neglected." *State ex rel. Children, Youth & Families Dep't v. Alfonso M.-E.*, 2016-NMCA-021, ¶ 33, 366 P.3d 282 (internal quotation marks and citation omitted); *see also State ex rel. Children, Youth & Families Dep't  v. Hector C.*, 2008-NMCA-079, ¶¶ 17, 21, 144 N.M. 222, 185 P.3d 1072 (distinguishing a case where the parent "participated willingly, voluntarily, and enthusiastically in all the programs that CYFD recommended[,]" from a case where termination of parental rights was affirmed "based on [the father's] failure to comply with the treatment plan in any meaningful manner, his transience, his lack of cooperation with CYFD, and his failure to communicate" (citation omitted)).

{6}      Father additionally argues the absence of evidence that Father is not able to provide a safe, appropriate, and sustainable home for Children does not affirmatively establish that he is not able to provide for Children. [MIO 7] Father contends the "informational deficit" regarding his housing situation is similar to *Alfonso M.-E.*, where we determined the district court erred by faulting a parent for failing to present evidence that he alleviated the causes and conditions of neglect and "by relying on the *lack* of evidence regarding [a parent's] alcohol and substance abuse[.]" [MIO 7] 2016-NMCA-021, ¶ 37. However, in the present case, the district court did not require Father to prove he had alleviated the conditions surrounding his neglect. Rather, CYFD presented evidence that Father did not provide information he was obligated to provide, such as financial documentation. [CN 6, 8] *State ex rel. Children, Youth & Families Dep't v. Nathan H.*, 2016-NMCA-043, ¶¶ 39, 41, 370 P.3d 782 (concluding there was clear and convincing evidence that the conditions and causes of the neglect and abuse were unlikely to change in the foreseeable future where the parent "ha[d] not accomplished certain requirements" from his treatment plan and "ha[d] not changed his situation in any meaningful way").

**{7}** Father also asserts the district court improperly relied on evidence of past problems in finding that the conditions and causes of the abuse and neglect were unlikely to change. [MIO 8-9] To the contrary, the district court did not rely on stale evidence, but rather considered the ample evidence before it, including Father's failure to meaningfully engage in and complete treatment plan items, as well as his failure to take an active or significant role in Children's lives. [CN 7-9] In addition, as we previously discussed, the district court specifically added anger management to Father's treatment plan [3 RP 579, 2 RP 461-62], which suggests the district court viewed Father's anger as a current issue. *See State ex rel. Children, Youth & Families Dep't v. Cosme V.*, 2009-NMCA-094, ¶ 19, 146 N.M. 809, 215 P.3d 747 ("We indulge all reasonable inferences in support of the district court's decision and disregard all inferences or evidence to the contrary." (alterations, internal quotation marks, and citation omitted)). Based on all of the evidence in front of it, the district court could have reasonably concluded that the causes and conditions of neglect were unlikely to change in the foreseeable future. We conclude the district court did not err in determining that CYFD had met its burden in this regard.

**{8}** Lastly, Father asserts in his memorandum in opposition that his argument concerning denial of visitation was preserved when he raised it at the permanency hearing [MIO 10]; however, the circumstances surrounding Father's argument before the district court remain unclear. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). In addition, Father fails to indicate whether and how the district court ruled on this issue. Nevertheless, Father has not cited any law for the proposition that CYFD wrongfully considered the Children's wishes when determining the terms of visitation. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Father likewise does not provide any legal authority to support his argument that the district court's decision to order visitation at CYFD's discretion was unlawful. *See id.* We note that it is not uncommon for a district court to make a determination pursuant to NMSA 1978, Section 32A-4-22(D) (2016), as it did here, that visitation shall be at the discretion of CYFD. *See* § 32A-4-22(D) (providing that a parent "shall have reasonable rights of visitation . . . *as determined by the court*" (emphasis added)); *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 43, 136 N.M. 53, 94 P.3d 796 ("The district court's standing order was to allow supervised visitation at CYFD's discretion."); *Hector C.*, 2008-NMCA-079, ¶ 4 ("The family treatment plan noted that [the f]ather was to have visits with the children . . . but that the visits would be at CYFD's discretion.").

**{9}** Father has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of

earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{10}** Accordingly, for the reasons discussed above and in our notice of proposed disposition, we affirm the order of the district court.

**{11}    IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**